**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RAKIA PARKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   **Civil Action No. JPM-16-1052** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant, the United States of America, submits before this Court its Motion to Compel Discovery ("the Motion") (ECF No. 13). Plaintiff Rakia Parker has not filed a response in opposition to the Motion. The Court has reviewed the Motion and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 30, 2016, Defendant served upon Plaintiff's counsel, via email and first-class mail, its First Sets of Interrogatories and Requests for Production of Documents (ECF No.13-1, 2). On November 9, 2016, Defendant sent Plaintiff's counsel an email stating that the response deadline of November 2, 2016, had passed and it had not received responses from Plaintiff (ECF No.13-3). On November 16, 2016, after allegedly not having received a response from Plaintiff, Defendant sent a letter to Plaintiff's counsel, both via email and by first-class mail, (ECF No. 13-4), that again "confirmed" Plaintiff's failure to respond to the discovery requests. Def.'s Mot. 2. On November 29, 2016, Defendant filed the Motion.

**DISCUSSION**

Defendant has not filed a Certificate of Conference of Counsel pursuant to Local Rule 104.7.  Although Defendant has included a "Certification" pursuant to Fed. R. Civ. P. 37(a)(1), this certification is (a) defective in and of itself, and (b) a filing of a certificate pursuant to Fed. R. Civ. P. 37(a)(1) does not inherently satisfy the requirements under Local Rule 104.7.

**I.      Defendant's Certification of Conference pursuant to Fed. R. Civ. P. 37(a)(1) is inadequate.**

Defendant supports its efforts to satisfy Fed. R. Civ. P. 37(a)(1) by providing two emails it sent to Plaintiff, one also sent as a letter by first-class mail, reminding Plaintiff that Defendant had not received any responses to its discovery request.  Def.'s Mot. 1-2; Def.'s Ex. 3-4.  However, Fed. R. Civ. P. 37(a)(1) requires "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37.  The Court interprets "conferred or attempted to confer" literally; the moving party must describe its attempt to discuss the matter at issue with the party it seeks to compel.  Emails or letters sent as reminders that the requested information has not been provided are not an attempted conference between parties.  Thus, because Defendant has not provided the Court with anything more than such emails reminding Plaintiff that her responses to discovery are overdue, Defendant's efforts do not satisfy Fed. R. Civ. P. 37(a)(1).

**II.     Defendant has not satisfied Local Rule 104.7.**

The Maryland Federal Court Rules require parties to "confer with one another concerning a discovery dispute[.]"  Local Rule 104.7 (D. Md.).  Local Rule 104.7 dictates:

> The Court will not consider any discovery motion *unless* the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) *counsel's attempts to*

> *hold such a conference without success*; and (c) itemization of the issues requiring resolution by the Court.

(Emphasis added.)  As discussed above, Defendant's efforts do not constitute "attempts to hold [] a conference without success." *Id.*  Even if somehow Defendant had satisfied Fed. R. Civ. P. 37(a)(1), Defendant does not thereby meet the requirements of Local Rule 104.7 automatically. A separate Certification of Conference of Counsel would be required under Local Rule 104.7 meeting its specifications.

## **CONCLUSION**

Based on the foregoing, the Court DENIES the Motion without prejudice.  Defendant has fourteen (14) days from the date of this Order to satisfy Local Rule 104.7.

December 20, 2016                                         /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge


CBD/xl