**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RAKIA PARKER,

      Plaintiff,

  v.

UNITED STATES OF AMERICA,

      Defendant.

Case Nos. 8:16-cv-01052-PJM (Lead);
Consolidated with 8:15-cv-03659-PJM

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States of America, respectfully submits this reply memorandum in support of its motion for summary judgment.

**ARGUMENTS IN REPLY**

The car accident at issue in these lawsuits would not have occurred <u>but for</u> Plaintiff Rakia Parker's unsuccessful attempt to make a left-turn across Livingston Road into a private driveway. Factually, in their opposition, Plaintiffs <u>agree</u> with the United States that that the roadway was flat and straight, and they even include as an exhibit the same photograph of the accident location provided by the United States. *Compare* ECF 23-6, *with* ECF 25-1, at 15.

Plaintiffs also cite the same deposition testimony from Ms. Parker as the United States, in which she avers that she came to a full and complete stop to set up for her left turn. ECF 25, at 2; ECF 23-1, at 4. What is more, Ms. Parker testified that, prior to beginning her turn, she looked down this straight flat roadway to check for oncoming traffic, but it was clear. *Id.*; *see also* ECF 23-4 (Parker Dep. 56-59). Despite the fact that <u>any reasonably prudent driver in her position</u> would have seen vehicular traffic approaching in the opposite direction, Ms. Parker somehow and admittedly failed to see the approaching Postal vehicle before she commenced the turn

which caused the accident. ECF 23-4 (Parker Dep. 57) (admitting she did <u>not</u> see the Postal vehicle "before" she started turning or when she "began turning"); *id.* at 71 (agrees that she was "already committed to making the left turn before [she] ever saw the [Postal] vehicle").

Legally, Plaintiffs agree with the United States that: (1) Ms. Parker's contributory negligence, if established, completely bars their recovery (ECF 23-1, at 7-8; ECF 25, at 6); and (2) whether her left-turn constituted negligence is governed by Section 21-402(a) of the Transportation Article of the Annotated Code of Maryland (ECF 23-1, at 9; ECF 25, at 10) and by the Maryland Court of Appeals decision in *Myers v. Bright*, 609 A.2d 1182 (Md. 1992), finding the turning driver negligent as a matter of law. ECF 23-1, at 9-11; ECF 25, at 7-9.

Accordingly, the record evidence is undisputed on the sole material point in this case, which is that Ms. Parker (the left-turning and disfavored driver) crossed into the oncoming Postal vehicle's right-of-way and caused the accident. Indeed, the Court need only consider Ms. Parker's own testimony that, from a stopped position, she looked for oncoming traffic <u>yet failed to see the Postal vehicle</u> (which was obviously in the roadway to be seen) to find that Ms. Parker's own negligence as a matter of law bars her (and State Farm's) recovery.

Despite their agreement on both the critical facts and the applicable law, Plaintiffs urge the Court to conclude that a trial is necessary to resolve the issue of contributory negligence. To do so, however, Plaintiffs invite the Court to ignore well-established summary judgment jurisprudence and venerable substantive Maryland law concerning the rights and duties of vehicle operators.

Plaintiffs offer a competing factual narrative that requests the Court turn a blind eye to Ms. Parker's own admitted failure to see the Postal vehicle, which is <u>the</u> material fact for purposes of the pending motion. Instead, they focus on what they contend was the Postal driver's

negligence in three respects, i.e., they claim the driver, Stephannie Withers, was speeding, had her head down, and swerved right into the driveway striking Ms. Parker's vehicle (a maneuver which Plaintiffs apparently contend just happened to coincide with Mr. Parker's left turn into the driveway).

Even if, after reviewing Plaintiffs' evidence (discussed below), factual issues concerning the <u>Postal driver's negligence</u> could be said to be disputed, this does not equate to a genuine dispute of material fact sufficient to defeat summary judgment on the question of Ms. Parker's <u>contributory negligence</u>. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). Moreover, even though the testimony is undisputed that Ms. Parker's attempted left turn preceded the collision, Plaintiffs altogether ignore the "sudden emergency" doctrine, under which Ms. Withers's conduct is to be viewed in the context of the emergency created by Ms. Parker's left turn. *See, e.g., Mason v. Triplett*, 141 A.2d 708, 710 (Md. 1958) (and cases there cited).

In terms of "miles per hour," the only evidence of the Postal vehicle's speed while proceeding north on Livingston Road prior to encountering the turning Parker vehicle came from Ms. Withers herself, who testified that she was moving at approximately 25 miles per hour. Exh. 23-3 (Withers Dep. 19, 21, 68). Without offering even an estimate of a contrary speed, Plaintiffs cite the portion of Ms. Parker's testimony in which she averred that the Postal vehicle "sped up on me after I turned" (ECF 25, at 9) (while ignoring the portion where she testified she heard "skidding" coming from the Postal vehicle, ECF 23-4, Parker Dep. 61). Plaintiffs also rely on the

"Declaration of Anthony Stubbs,"[1] which indicates that the "postal truck 'appeared to be driving fast . . . .'" ECF 25, at 9 (citing ECF 25-1, at 16). It has long been established in Maryland that "[n]egligence resulting from allegedly excessive speed may not be inferred from general adjectival descriptions," such as the one provided in the Stubbs Declaration. *Fowler v. Smith*, 213 A.2d 549, 553 (1965) (citation omitted).

More importantly, as the Maryland Court of Appeals recognized in *Myers*, even if Plaintiffs' anecdotal evidence that Ms. Withers was speeding were sufficient (and it is not), mere evidence of speeding is not enough to support an inference of negligence, absent evidence that excessive speed was the direct and proximate cause of the accident. Indeed, *Myers* concluded that evidence offered by the left-turning driver that the oncoming driver (with the right-of-way) was speeding and caused the collision is "mere conjecture" and "is insufficient to send the case to the jury." *Myers*, 609 A.2d at 1187 (emphasis supplied).

Again relying on Mr. Stubbs's purported ability to see around corners and trees and inside vehicles (even Plaintiffs' counsel acknowledges that Mr. Stubbs' view was obstructed,

---

[1] The "Declaration of Anthony Stubbs" was purportedly executed on August 5, 2017, but notarized on September 5, 2017. ECF 25-1, at 17. The document does not contain either a short or long form notarial certificate and the Prince George's County notary public whose name appears thereon, "Tajaye Williams," is not listed with the Maryland Secretary of State's registry. *See* Exh. 1, hereto (online listing of registered notaries in Prince George's County with the last name "Williams"). Despite his purported status as an eyewitness, Mr. Stubbs is not listed as a witness in the police report Plaintiffs submitted. ECF 25-1, at 18; *contra* ECF 23-4 (Parker Dep. 74) (Ms. Parker testified that she knows the police talked to Mr. Stubbs). The Declaration lists an address for Mr. Stubbs in Lorton, Virginia, and he indicates that, on the date of accident, he "was working at an address located at 11036 Livingston Road, Fort Washington, Maryland." ECF 25-1, at 16, ¶ 1. Yet Ms. Parker testified that Mr. Stubbs was a family friend she knew as "Mr. Tony" who *lived* at 11036 Livingston Road. ECF 25-1, at 4-5 (Parker Dep. 51-52); ECF 23-4 (Parker Dep. 69, 73-74). Finally, despite the claim that, from his vantage point "standing in the yard," Mr. Stubbs was able to see Ms. Parker turn into the driveway from Livingston Road, able to see the appearance of a "postal truck driving on Livingston Road" before it "went into the driveway," able to see that the "postal truck appeared to be driving fast and the driver appeared to have her dead down," Ms. Parker herself could not recall whether she noticed anyone outside on the lawn or the driveway of 11036 Livingston Road. ECF 23-4 (Parker Dep. 74).

ECF 25, at 9 n.1), as well as Ms. Parker's own testimony that see could see inside the Postal vehicle as she was turning (ECF 23-4, Parker Dep. 65, 71), Plaintiffs also claim that Ms. Withers's head was "down" at some point prior to impact. ECF 25, at 9.

Since it is undisputed that the collision occurred after Ms. Parker began her left turn – but before she completed it – the precise location of the point of impact between the vehicles is irrelevant to whether Ms. Parker was negligent. And the United States fully acknowledges that Ms. Withers testified that, when presented with the sudden emergency of Ms. Parker turning left in front of her, she braked and steered somewhat to the right in an attempt to avoid the accident. ECF 23-1, at 5 (citing portions of Ms. Withers's testimony).[2]

The lack of relevance notwithstanding, and based solely on the Stubbs Declaration, Plaintiffs argue that the Parker vehicle "was entirely in the driveway at the time of the collision." ECF 25, at 10 (emphasis supplied). Of course, even Ms. Parker testified that "the tires and the trunk" of her car were "still on the roadway when the collision occurred." ECF 23-4 (Parker Dep. 64). Moreover, the police report[3] upon which Plaintiffs rely indicates that the collision occurred on the roadway, not in the driveway:

---

[2]Maryland law is clear that, even crediting Ms. Parkers' testimony that she stopped and signaled, Ms. Withers could have properly assumed that Ms. Parker "would stop and yield the right-of-way as required by the statute." *E.g., Talbott v. Gegenheimer*, 225 A.2d 462, 466 (Md. 1967). There is no record evidence showing that, in the exercise of reasonable care, Ms. Withers had any reason to anticipate Ms. Parker's failure to yield the right-of-way, or that she – faced with the suddenness of Ms. Parker's left turn – could have avoided the collision. *Id.* Indeed, as she testified, her split-second choice was between braking and steering to the right (which she did) or steering to the left and risk a head-on collision with the vehicles behind Ms. Parker heading south. ECF 23-3 (Withers Dep. 35, 66, 67, 69); *see also, e.g., See, e.g., Mason v. Triplett*, 141 A.2d at 710 ("If, as the appellees contend, Mason might have avoided the collision at the last moment by driving off the road to the right, instead of turning to the left, and we think this is only a matter of speculation, his action in swerving to the left at the last moment could hardly be deemed negligent.").

[3]Absent supporting testimony from its author or proper authentication, in their opposition, Plaintiffs question the admissibility of the report they themselves offer into the



ECF 25-1, at 18.

Plaintiffs' attempt to create a genuine issue through speculation and unreasonable inferences[4] about the Postal vehicle's speed, Ms. Withers's attention, or her reaction to Ms. Parker's sudden left-turn her culminates with the following factually-unsupported argument:

---

record. ECF 25, at 12 n.3. Nevertheless, in their zeal to stave off summary judgment, Plaintiffs implore the Court to consider as reliable evidence the unexplained "X" in the "Yes" box in Block 65 of the form and the fact that Ms. Parker was not cited for a violation of law. *Id.* Especially considering the other report codes (annexed hereto as Exh. 2), and a more legible copy of the report (annexed hereto as Exh. 3), the report itself – which may well be admissible under Fed. R. Evid. 803(6) or 803(8) – offers no support for the ticking of this box. If, as Plaintiffs contend, Ms. Withers was speeding or not paying attention, the officers should have recorded codes other than "99" (Unknown) or "00" (Not Applicable) in Boxes 82-1 to 82-4. Additionally, neither driver was cited for any violation of law. *Id.* at Box 64. For contributory negligence purposes, the report's diagram shows the collision occurred largely on the roadway and the narrative reflects that the accident occurred when Ms. Parker "attempted to make a left turn into a driveway." Moreover, the police report also confirms that: (1) Ms. Parker was turning left (Box 50, Code 12); (2) the impact points to the vehicles (the front of Postal Vehicle and passenger side wheel well of the Parker vehicle, Boxes 87-88) are consistent with the collision occurring in the process of Ms. Parker's left turn; (3) the road was "straight & level" (Box 16, Code 01); and (4) it was "daylight" and the weather was "clear or cloudy" (Boxes 41 and 42, Code 01). Nothing in the report suggests any reason why Ms. Parker's ability to see the oncoming Postal vehicle should have been impeded.

[4] "The nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted); *accord, e.g., Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted) (a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences").

> From this evidence, a reasonable factfinder could determine that Ms. Withers was driving too fast down Livingston Road; <u>that Plaintiff saw the postal truck and made the reasonable determination that it was far enough away for her to turn safely</u>; and that Plaintiff had indeed completed her turn before the collision.

ECF 25, at 10 (emphasis supplied).

Plaintiffs' argument about Ms. Parker's reasonableness is fully and completely undermined by Ms. Parker's own deposition, during which she testified repeatedly that she <u>never even saw the Postal vehicle before she committed to making the left turn</u> into the driveway. *E.g.,* ECF 23-1, at 4. <u>If</u> Ms. Parker had testified that she actually saw the Postal vehicle before attempting her turn (and she plainly did not), the focus of the contributory negligence inquiry would be on whether she reasonably, yet erroneously, determined that the Postal vehicle was far enough away that she did not have to yield the right-of-way. Md. Code Ann., Transp. 21-402(a). <u>But that was not her testimony</u>. Instead, Ms. Parker testified throughout her deposition that, when she decided to make her left turn, she simply did not see the approaching Postal vehicle on the opposite side of the road (which was indisputably close enough "to be an immediate danger" under the statute). By her own admission, therefore, Ms. Parker never considered whether she had enough time to complete her turn prior to the Postal vehicle's arrival because she failed to see it before commencing her turn.

Plaintiffs fail to supply the Court with <u>any</u> explanation – reasonable or otherwise – why a prudent driver in Ms. Parker's position could not see and would not have seen – from the stopped position on southbound Livingston Road she says she was in (ECF 23-4, Parker Dep. 58-61, 71-72) – a Postal vehicle traveling on the northbound side of the road at a location which she agrees is accurately depicted below:



ECF 23-6; ECF 25-1, at 15.

At the end of the day, the evidence of record speaks with one voice that Ms. Parker

should have seen – and yielded the right-of-way to – the approaching Postal vehicle before she

attempted her turn. Regardless of the extensive efforts Plaintiffs make to suggest some fault on

Ms. Withers's behalf, Ms. Parker's failure to see what was obviously there was negligent as a

matter of law and the proximate cause of the collision. *Myers*, 609 A.2d at 1186-89 (finding the

turning driver who could not see oncoming traffic negligent as a matter of law, regardless of

whether the approaching driver was speeding); *accord, e.g., Bennett v. Bass*, 235 A.2d 715, 717-

18 (Md. 1967); *Talbott v. Gegenheimer*, 225 A.2d at 465-66 (affirming trial court's grant of

directed verdict to oncoming driver where the driver of the left-turning vehicle "stated that she

did not see" the oncoming automobile); *Shanahan v. Sullivan*, 191 A.2d 564, 565 (Md. 1963)

(quoting *Henderson v. Brown*, 135 A.2d 881, 886 (Md. 1957)) (in reversing judgment for a plaintiff who failed to see an oncoming vehicle when making a left turn into a driveway, the Court of Appeals analogized the plaintiff as being "in the situation of one who either did not look when he should have, <u>or did not see when he did look, and this, therefore, requires the finding that he was contributorily negligent as a matter of law</u>.") (emphasis added).

Accordingly, Plaintiffs fail to show that a rational trier of fact could find in their favor and summary judgment should be entered in favor of the United States on the issue of Ms. Parker's contributory negligence. *Anderson*, 477 U.S. at 252 ("the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other <u>but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.") (emphasis added); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## <u>CONCLUSION</u>

For the reasons set forth above and in its initial memorandum, the United States of America respectfully requests that this Court GRANT its motion for summary judgment.

Stephen M. Schenning
Acting United States Attorney


By:____/ s /_____
      Neil R. White
      Assistant United States Attorney
      United States Courthouse
      6500 Cherrywood Lane, Second Floor
      Greenbelt, Maryland 20770
      (301) 344-4433

      Counsel for Defendant
      United States of America

OF COUNSEL:
Nathan T. Solomon
Attorney
United States Postal Service
Law Department